IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHAQUILLE MANUEL JOHNSON                                    PLAINTIFF

                  v.                    Civil No. 1:16-cv-01096

JANET DELANEY, Jail Administrator,
Columbia County Detention Center (CCDC);
DOUG WOODS, Chief Deputy, CCDC; and
SHERIFF MIKE LOE, Columbia County,
Arkansas                                                   DEFENDANTS

## ORDER

Before the Court is Plaintiff Shaquille Manuel Johnson's failure to obey orders of the

Court.  On December 12, 2016, Plaintiff filed this 42 U.S.C. § 1983 action *pro se.*   ECF No. 1.

On July 17, 2017, Defendants filed a Motion for Summary Judgment.  ECF No. 14.  On July 20,

2017, the Court filed an order directing Plaintiff to file a Response to Defendant's motion on or

before August 21, 2017.  ECF No. 17.  Plaintiff was advised in the order that failure to respond

within the required period of time may result in the dismissal of his case.  Plaintiff did not respond

to the Court's order.

On August 22, 2017, the Court issued an order directing Plaintiff to show cause by

September 5, 2017, as to why he failed to respond to Defendants' motion for summary judgment.

ECF No. 18.  Plaintiff was again advised that his failure to respond within the required period of

time may result in dismissal of his case.  To date, Plaintiff has not responded to the Court's order

to show cause.[1]

---

[1] On September 3, 2017, counsel for Defendants received an email from Plaintiff stating several reasons
why he had failed to timely respond to the motion for summary judgment such as: "I've been trying to find
a job . . . to come forth with the money for my jail fees plus probation supervision fees, also the mother of
my child is also looking for work herself."  However, Plaintiff has not filed anything with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 26th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge